IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| CHARLES BONNER,<br>*Plaintiff*<br><br>v.<br><br>BRYAN COLLIER, *in his individual and official capacity as Executive Director of Texas Parole Board*, TEXAS PAROLE BOARD, and TEXAS DEPARTMENT OF CRIMINAL JUSTICE INSTITUTIONAL DIVISION,<br>*Defendants* | 1:24-CV-00019-RP-SH |

## ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Charles Bonner's Complaint (Dkt. 1), Application to Proceed *In Forma Pauperis* (Dkt. 2), and Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 4), all filed January 31, 2024. The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman.

### I.   *In Forma Pauperis* Status

After reviewing Plaintiff's Application, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Plaintiff *in forma pauperis* status. This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is

1

further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a § 1915(e) review of the claims made in the Complaint and recommends that Plaintiff's claims should be dismissed under 28 U.S.C. § 1915(e). Therefore, service on Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, service should be issued on Defendants at that time.

## II. Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

An action may be dismissed as frivolous or malicious if it duplicates claims raised by the same plaintiff in previous or pending litigation. *See Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 849-50 (5th Cir. 1989). This is because "pauper status does not entitle a plaintiff to avoid the ordinary rules of *res judicata*." *Pittman*, 980 F.2d at 994. "When declaring that a successive in forma pauperis suit is 'malicious' the court should insure that the plaintiff obtains one bite at the litigation apple—but not more." *Id.* at 995.

While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no

impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.  Plaintiff's Complaint Should Be Dismissed under § 1915(e)(2)**

Plaintiff brings this civil rights suit under 42 U.S.C. § 1983 against Bryan Collier, the Executive Director of the Texas Parole Board; the Texas Parole Board; and the Texas Department of Criminal Justice. Plaintiff alleges that he was wrongly charged, convicted, and sentenced for the offense of burglary in Brazoria County, Texas in 1980. He seeks $2 billion in monetary damages for the alleged violation of his constitutional rights.

Plaintiff's Complaint is duplicative of an unsuccessful civil rights suit he filed in the Southern District of Texas. In *Bonner v. Gayle*, 4:21-CV-03855 (S.D. Tex. Nov. 9, 2021) ("*Gayle*"), Plaintiff asserted the same claims against the same defendants and named two additional defendants. The District Court for the Southern District of Texas dismissed the suit with prejudice after determining that Plaintiff's claims "call into question the validity of his convictions, sentences, and parole proceedings, and are barred by *Heck v. Humphrey*, 512 U.S. 477, 482 (1994)." *Gayle*, Dkt. 7.

Under *Heck*,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. A § 1983 claim falling under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

In *Gayle*, the District Court stated that Plaintiff's "numerous applications" for state and federal habeas relief challenging his convictions, sentences, and parole proceedings "over the past few decades" all were denied on the merits or dismissed as successive. *Gayle*, Dkt. 7 at 2. The District Court also stated that Plaintiff had raised the same or similar claims against the same defendants in a suit he filed in 2007, which also was dismissed as *Heck*-barred. *Id.* at 7 n.2 (citing *Bonner v. Gayle*, 4:07-CV-00531 (S.D. Tex. Feb. 7, 2007)). The Fifth Circuit affirmed the dismissal by the Southern District of Texas, agreeing that Plaintiff's claims were barred by *Heck*. *Bonner v. Gayle*, No. 22-20105, 2022 WL 16549207 (5th Cir. Oct. 31, 2022) (per curiam).

For these reasons, this Magistrate Judge recommends that the District Court dismiss Plaintiff's lawsuit as frivolous under § 1915(e)(2) because it duplicates claims raised by the same plaintiff in previous or pending litigation. *See Pittman*, 980 F.2d at 994-95; *Wilson*, 878 F.2d at 849-50.

### III.   ORDER

The Court **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2).

### IV.   RECOMMENDATION

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS with prejudice** Plaintiff Charles Bonner's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2) and **DISMISS** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 4) as **MOOT**. The Court further **RECOMMENDS** that the District Court **WARN** Plaintiff that if he continues to file frivolous or duplicative lawsuits, the District Court may impose sanctions against him, including monetary sanctions and a pre-filing bar.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.     WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 7, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE